MARGARET G. WESTERFIELD, as Executrix, etc., of JOSEPH H. WESTERFIELD, Deceased, Respondent, v. HENRY F. PRICE, as Administrator, etc., of WILLIAM M. PRICE, Deceased, Appellant.

*Accounting between partners speculating in real property.*

Upon the trial of an action brought for an accounting, it was shown that the plaintiff's testator and the defendant's intestate, together with one O'Neill and another, entered into a pool or joint speculation for the purchase and sale of oil lands in the State of West Virginia, and that the only assets of such pool were two pieces of land (in which the plaintiff was entitled to a one-quarter interest), the title to one of which pieces was taken in the name of Jayne, a clerk of the defendant's intestate, and was subsequently conveyed to the defendant's intestate, and the title to the other of which was taken in the name of O'Neill and the defendant's intestate.

*Held*, that it was error on the part of the referee to charge the defendant with the amount contributed by the plaintiff's testator to the cost of the piece of land held in the name of O'Neill and the defendant's intestate, as there was no principle on which the purchase could be disclaimed by the plaintiff, and no obstacle which would prevent his obtaining his full share or interest in such land.

SECOND DEPARTMENT, JULY TERM, 1894. [Vol. 80.

APPEAL by the defendant, Henry F. Price, as administrator, etc., of William M. Price, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Richmond on the 21st day of November, 1893, upon the report of a referee.

*R. Burnham Moffat*, for the appellant.

*E. H. Westerfield*, for the respondent.

CULLEN, J.:

This is an appeal from a judgment in favor of the plaintiff entered upon the report of a referee. The original parties to this action, the testator of the plaintiff and the intestate of defendant, with one O'Neill and another, in 1865 entered into a pool or joint speculation for the purchase and sale of oil lands and options thereon. The plaintiff's testator was to have a fourth interest, and the defendant's intestate was to be manager of the pool. Jayne, a clerk of Price and his partner O'Neill, was sent to West Virginia to purchase the land. He bought some options, and in two instances the fee of the land outright. Plaintiff's testator was furnished with two statements of the outlay by Jayne, which, however, did not enumerate the property acquired, and paid Price his quarter of such expenditure. Shortly after, the bubble burst. The options were suffered to lapse, and the pool was left with the two pieces of real estate in West Virginia, its only assets. The title of one of these pieces was first taken in the name of Jayne, and then subsequently conveyed to Price. The title of the other piece, a tract of twenty-five acres, was taken in the name of O'Neill and Price. Both pieces still remain unsold. In 1886, Westerfield brought this action against Price for an accounting. It is unnecessary to review the details of the account, as the referee has found that all the moneys contributed by the plaintiff's testator were applied to the purpose of the co-partnership or pool. But he has charged the defendant with $375, plaintiff's testator's contribution of one-quarter, to the cost of the twenty-five acre plot, because the title to that plot was taken in the name of Price & O'Neill, and the propriety of the decision as to this item is the only question in dispute on this appeal.

We are of opinion that the learned referee erred. His decision

in regard to this tract of twenty-five acres was in direct conflict with his decision as to the other tract. The latter tract stood in the name of Price, and the twenty-five acre tract in the name of Price & O'Neill. The plaintiff was entitled to own a one-quarter in these lands. The theory upon which the defendant was charged with plaintiff's testator's contribution to the twenty-five acre purchase was, that the title standing partly in the name of O'Neill, there could be no accounting as to that tract in an action in which O'Neill was not a party, and that the heirs of Price could not convey to plaintiff the legal title to his share. We cannot see why the heirs of Price, holding title to an undivided half, could not convey to the plaintiff an undivided quarter.

But we think the whole theory erroneous. Plaintiff was given a receipt from O'Neill and Price showing that he had a quarter interest in the lands acquired. These lands were acquired, not to hold, but for speculation, for quick sale. Price was to be the manager of the pool. Assuming (which I am not prepared to concede) that the legal title should have been taken in the name of all the parties in interest, Westerfield knew from Price's letters that the title was not so held. Westerfield never asked for a conveyance of his share ; though he appears to have been anxious for an actual partition, which Price opposed, and there were negotiations between the parties for that purpose, Price never repudiated the trust or denied plaintiff's interest. The referee has expressly found that this tract was purchased for the pool or partnership. We see no principle on which the plaintiff can now disclaim that purchase, and no obstacle which will prevent him from obtaining his full share or interest in the lands.

The judgment appealed from should be reversed and a new trial ordered, costs to abide event.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment reversed and new trial granted, costs to abide event.